PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* JORGE PALACIOS, Defendant and Appellee. PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* JORGE PALACIOS, Defendant and Appellee.

Nos. 4333 and 4334. Argued March 5, 1931.—Decided March 13, 1931.

R. A. Gómez for appellant.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In these two cases Jorge Palacios was charged with a violation of section 440 of the Penal Code consisting in that he had "unlawfully, wilfully and maliciously, with intent to injure and defraud the Porto Rico Railway Light and Power Co., which is a public service corporation . . . authorized to produce and sell electric current, . . . loosened a plug or fuse of the installation for the furnishing of electric light" (in the house of Dolores Giusti in case No. 4333, and in the house of Gumersindo Márquez in case No. 4334) "and connected with the said installation a wire having contact with the ground, thereby obstructing the operation of the meter used for measuring the light and in that way evading the payment of the proper amount of the light consumed, and injuring and defrauding the said company, the producer of the current."

In both cases the defendant demurred to the complaint on the ground that it did not state facts sufficient to charge him with the commission of the offense defined and punished by section 440 of the Penal Code. The court sustained the demurrer, dismissed the prosecutions and discharged the defendant. In an appeal from that decision the *Fiscal* maintains rightly, we think, that the complaints are sufficient.

Section 440 of the Penal Code reads as follows:

"Every person who, with intent to injure or defraud, makes, or causes to be made any pipe, tube, wire, or other instrument, and connects the same or causes it to be connected with any main, service pipe or other pipe, wire, or other connection used for supplying

illuminating gas or electricity in such a manner as to supply illuminating gas or electricity to any burner, orifice, globe, or other connection by or at which illuminating gas or electricity is consumed, around or without passing through a meter provided for the measuring and registering the quantity consumed, or in any other manner so as to evade the payment therefor, and every person who with like intent obstructs its action, is guilty of a misdemeanor.''

The grounds on which the lower court based its conclusion that the complaints did not charge the defendant with the commission of the crime provided for and punished in the said section were stated by the trial judge, thus:

"It is the opinion of the court that in order to commit this offense the defendant must do either of two things: Make or cause to be made any pipe, tube, wire, or other instrument, and connect the same or cause it to be connected with any main, service pipe or other pipe, wire, or other connection used for supplying illuminating gas or electricity so that it can not be measured and therefore that no consumption is recorded; or that he obstruct the working of the meter with the same purpose, injuring or defrauding in some way the company supplying the same. In the present case the defendant is only charged with loosening a fuse plug and connecting a ground wire; but it does not state that in this way the owner of the house was supplied with current. On the other hand, the defendant does not appear to have profited in any manner from the alleged fraudulent connection, since he was not supplied with light, as alleged in the complaint.''

The complaints positively charge the defendant with having loosened a plug or fuse of the installation for the supply of light to certain houses by making a ground connection, thereby obstructing the working of the meter used to measure the consumption of light and evading in that way the payment of the right amount for light consumed, all this by acting unlawfully, wilfully and maliciously and with intent to defraud the company which owned the electric current.

It is true that the law specifies certain means by which the offense may be committed and that none of them was employed by the defendant in the instant cases, but the statute

also says: "or in any other manner," and within this broad language is included the means used by the defendant to commit the act prohibited by the law.

It was not necessary to allege in the information that the owner of the house was supplied with current. The criminal act committed by the defendant with intent to injure the party supplying the electric current was fully consummated at the completion of his work, by virtue whereof the meter was isolated, allowing the current to flow without the same being recorded in the meter. The clear purpose of the law is the prevention of the act which, if committed by somebody, renders him guilty of a misdemeanor.

The intent to defraud the company which supplies the current is expressly alleged in the complaint. According to section 12 of the Penal Code itself: "The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. . . A malicious and guilty intention is presumed from the manner and deliberation with which an unlawful act is intended or committed for the purpose of injuring another."

The intention to defraud is not only expressly charged in the complaint but in addition it is alleged that the defendant acted maliciously, which, according to subdivision fourth of section 559 of the said Penal Code, imports "the doing of a wrongful act, intentionally, without just cause or excuse, a conscious violation of the law to the prejudice of another."

Nor was it necessary either to allege that the defendant had profited in any manner. The logical inference from the act done is the attainment of some benefit by the author, but the offense may be committed out of pure mischief or without receiving any pecuniary advantage. It has not been the intention of the Legislature to introduce complications which would render difficult the prosecution of offenders. The act always involves fraud, or at least an intention to injure or defraud, which is all that the law requires. There-

fore, a person who uses his knowledge or skill, even without profit to himself, to enable another to receive current without paying for it, in the manner prescribed in section 440 of the Penal Code, commits the offense, which would also be committed by anyone doing it without benefit to himself or to any other individual, for instance, in connection with the municipal lighting. No matter how the act is committed, it always injures or defrauds somebody, the owner of the current, in an insidious, hidden and unlawful manner.

By virtue of the foregoing, and having considered the complaints in the light of the applicable law, we find the same sufficient, and that the district court erred in holding otherwise. Therefore, the judgments of dismissal and acquittal appealed from must be reversed and the cases remanded for further proceedings in accordance with the law.

Mr. Justice Texidor took no part in the decision of this case.